IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ROBERT H. VUNDER,**<br><br>                Plaintiff,<br>v.<br><br>**JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES,**<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:05CV142 DAK |

      This matter is before the court on Defendant's Motion for Summary Judgment, Plaintiff's "Motion in Objection to Motion for Summary Judgment," Plaintiff's Motion to Reject Defendant's Reply to Objection to Motion for Summary Judgment, and Plaintiff's Motion to Compel Discovery.  The court has reviewed all the papers submitted by the parties and has determined that oral argument would not materially assist the court in deciding these motions. Having carefully considered the facts and law applicable to these motions, the court renders the following Memorandum Decision and Order.

      Plaintiff  Robert H. Vunder made a written FOIA request to the United States Postal Service on September 13, 2004.  In his FOIA request, Plaintiff sought the narrative work accomplishments submitted by a postal executive, Steve Leavey, Manager of Corporate Personnel, for postal fiscal year 2003.   The "narrative of work accomplishments" is now known as a statement of "End of Year Accomplishments."  In 2003, the End of Year Accomplishments

narrative was required of executives at the close of the annual performance cycle and described his/her performance for the previous year as compared to previously established goals.  The narrative would be considered by the executive's superior in evaluating and assessing the executive's performance rating for the year.  Performance ratings could result in possible salary increases and would determine eligibility for an incentive payout.

Plaintiff's request was denied by letter dated October 22, 2004, citing postal regulations prohibiting the disclosure of records that are personal in nature.  Plaintiff appealed the denial, and the Postal Chief Counsel for Customer Protection and Privacy denied Plaintiff's appeal by letter dated January 28, 2005.

### STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);  *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In reviewing the factual record, we construe all facts and make reasonable inferences in the light most favorable to the non-moving party.  *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.1998).  Where the moving party bears the burden of proof on an issue, that party cannot prevail on summary judgment "unless the evidence that he provides on that issue is conclusive."  *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998).  *See also Equal Employment Opportunity Comm'n v. Union Independiente De La Autoridad De Acueductor Y Alcantarillados De Puerto Rico*, 279 F.3d 49, 55 (1st Cir. 2002) (same).

**DISCUSSION**

The Freedom of Information Act "provides the public with a right of access to federal agency records." *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002); 5 U.S.C. § 552. Agencies are required to make all records accessible to the public upon request. *Id.* FOIA's purpose is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. *Id.* (internal quotations omitted).

The right of access, however, is subject to nine exemptions that recognize the "legitimate governmental and private interest [that] could be harmed by release of certain types of information." *See United States Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988). These exemptions include classified documents, personnel records, exemptions under other statutes, trade secrets, and other confidential commercial information, and law enforcement records. *Herrick*, 298 F.3d at 1189. FOIA, however, is "to be broadly construed in favor of disclosure, and its exemptions are to be narrowly construed." *Id*. (internal quotations omitted).

Federal courts are granted the authority to enjoin the agency from withholding records and to determine whether records fall within the statutory exemptions, which are listed in 5 U.S.C. § 552(b). *Herrick*, 298 F.3d at 1189. In any FOIA action challenging an agency decision to withhold records, the district court reviews de novo the agency's decision not to disclose and the agency bears the burden of justifying nondisclosure. *Id.*

FOIA Exemption 6 exempts form mandatory disclosure "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal

3

privacy."  *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); 5  U.S.C. § 552(b)(6).  Any record that contains information pertaining to a particular individual may qualify for the exemption's protection.  *Washington* Post, 456 U.S. at 602.

In this case, the record sought is an individual postal executive's narrative of accomplishments for postal fiscal year 2003, which the postal executive prepared and submitted to his superior for consideration in his performance evaluation for that year.  Records related to evaluations of an employee's performance are considered "files" within the scope of exemption 6.  *See Ripskis v. HUD*, 746 F.2d 1,3 (D.C. Cir. 1981).

Where the document in question is a protected record under Exemption 6, the court must next determine whether the document is exempt from disclosure by balancing the public interest in disclosure against the interest Congress intended the exemption to protect, which in this case is privacy.  *See United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495 (1994).  In striking this balance, the only relevant "public interest" in disclosure is "the extent to which disclosure would service the 'core purpose of the FOIA,' which is 'contributing significantly to the public understanding of the operations or activities of the government.'"  *Federal Labor Relations Auth.*, 489 U.S. at 775 (internal quotations omitted).  Further, in weighing the public interest, the interest is that of the general public and not merely an interest that is specific to the requestor."  *New England Apple Council v. Donovan*, 725 F.2d 139 (1st Cir. 1984).  Thus, the ultimate decision cannot turn on the purpose for which the request for information is made.  *See Sheet Metal Workers Local No. 9 v. United States Air Force*, 63 F.3d 994, 997 (10th Cir. 1995).

Accordingly, in this case, the court must weigh the privacy interest of Postal Executive Mr. Leavey in his personal narrative of accomplishment, which he prepared and submitted to his supervisor in support of his merit evaluation against the value of that information to the public to shed light on agency performance of its statutory duties or otherwise lets citizens know what the agency is "up to." *See U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 109, S. Ct. 1468, 1485 (1989). Here, there is a clear privacy interest in the requested document. There is, however, no discernible public interest in the document. There is nothing about the document that would assist the public in better understanding the Postal Service's activities of performance of its statutory duties. Thus, disclosure would constitute a clearly unwarranted invasion of personal privacy. Accordingly, the court finds that the document is exempt from disclosure under Exemption 6.

Plaintiff contends that there are several facts in dispute and that the court should therefore deny summary judgment. Plaintiff, however, has provided no evidence creating any disputed fact. Plaintiff also correctly points out that no discovery has been done in this case, and that the motion is therefore premature. Even if the court construed his opposition memorandum as a Rule 56(f) motion, Plaintiff has not satisfied his burden in that he has failed to identify what he expects to find through discovery that would assist him in defeating summary judgment. Thus, Plaintiff's failure to demonstrate that conducting discovery would assist him in creating a fact question to preclude summary judgment, coupled with the purely legal nature of the question at issue, compels this court to decline to stay this motion pending discovery. Consequently, the court also denies Plaintiff's Motion to Compel Discovery.

Plaintiff also seeks to have the court "reject" Defendant's reply to his Objection because he mistakenly believes that it was untimely filed. Under the Local Rules for the District of Utah, however, Defendant's Reply was timely filed, and Plaintiff's motion is denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's "Motion in Objection to Motion for Summary Judgment" is DENIED, and Plaintiff's Motion to Reject Defendant's Reply to Objection to Motion for Summary Judgment is DENIED. Plaintiff's Motion to Compel Discovery is DENIED.

DATED this 20th day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge